CHRIS. DOOLEY, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 11, 1891.

Parent and Child : MINOR'S WAGES : GARNISHMENT.   The wages of a minor, his father being dead, belongs to his mother ; and, where in a garnishment proceeding against the employer of a minor in favor of his judgment creditor, the mother interpleads for the wages in question, but fails to prosecute the interplea, and an order is made to pay the wages into court for such judgment creditor, the minor cannot in a subsequent action recover such wages of the garnishee.

Dooley v. The Mo. Pac. Ry. Co.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED.

*H. S. Priest* and *H. G. Herbel*, for appellant.

It thus conclusively appears from plaintiff's own pleadings and evidence, that all these services were rendered by him before he became of age. This being true, his mother would be entitled to the wages sued for in this action, under the rulings of the appellate courts of this state. *Matthews v. Railroad*, 26 Mo. App. 83; *Industrial Home v. Fritchey*, 10 Mo. App. 344; *Guion v. Guion*, 16 Mo. 52. As the judgment in this case would not bar her action against defendant for these wages, it would certainly be unjust to affirm it.

*Geo. Bird*, for respondent.

(1) But counsel for defendant in their argument seek to avoid liability on the single question that plaintiff in this cause was a minor when the wages sued for were earned by him, and from their brief seem to rely solely on this question for reversal. If this question were in the case it is cured by the statutes of jeofails, which provides that, "*seventh*, for any party under twenty-one years of age, having appeared by attorney, if the verdict or judgment be for him." R. S. 1889, sec. 2113; *Robinson v. Hood*, 67 Mo. 660. (2) But defendant interposed no objection to the party plaintiff at the trial, by answer, demurrer to the petition, or demurrer to the evidence; hence, under our practice, it is deemed to have been waived. *Matney v Gregg Bros. Co.*, 19 Mo. App. 110. (3) This question is not before this court for review, for the further reason, that it was not set out in defendant's motion for new trial, which must be specifically done, so as to give the trial court an

opportunity to correct its error, if any, in the first instance. *Ballinger v. Carrier*, 79 Mo. 318; *Schultz v. Railroad*, 32 Mo. App. 438; *Railroad v. Vivian*, 33 Mo. App. 583; *Martin v. Fox*, 40 Mo. App. 664. (4) In support of the proposition urged, appellant cites the case of *Matthews v. Railroad*, 26 Mo. App. 83. This was a damage suit in which the question was discussed, and the court quoting from the case of *Guion v. Guion*, 16 Mo. 52, says: "By the common law the father is bound to support his minor children, and, so long as he does, he will be entitled to their services. On the death of the father, this duty and right devolves upon the mother, as succeeding to all the duties and obligations of her husband." If this question were before this court for decision, then, under certain circumstances, the mother would be entitled to sue for and recover the earnings of her minor son, if she supported him. But in this case the son, as shown by the evidence, was of age when this action was commenced, and besides this the evidence fully shows that the son was supporting the mother.

ELLISON, J.—This is a suit for wages, for services rendered defendant during the months of November and December, 1887, and June and July, 1888. There was no controversy at the trial as to the amount of wages earned by plaintiff during said months, but the defendant claimed that it was not liable in this action to plaintiff, for the reason, that it had theretofore paid the wages due him to J. D. Cooley, his judgment creditor, in a garnishment suit, instituted before a justice of the peace of Cass county, Missouri, and afterwards taken by appeal to the circuit court of said county, in which latter court a judgment order was made on it to pay the wages herein sought to be recovered into court, for the use of said judgment creditor, J. D. Cooley; that said judgment was rendered and paid by defendant, was conceded by plaintiff at the trial, but he contended that it was no defense to this

action, for the reason that the constable's return in said garnishment proceeding conferred no jurisdiction on the circuit court to condemn the wages due plaintiff. The defendant introduced all the court files and the record in said garnishment proceeding in evidence against plaintiff's objection. It appeared from said garnishment proceeding that Rebecca Dooley, the mother of the plaintiff herein, claimed the wages due her said son, and filed an interplea in said action making said claim, and this interplea was dismissed for want of prosecution, and this defendant garnishee was ordered to pay the money due plaintiff into court for the use of said J. D. Cooley, his judgment creditor. It also appeared from plaintiff's own testimony that the wages herein sought to be recovered were earned by him while he was a minor. The court found the issues for plaintiff, and gave him judgment for the full amount of wages claimed in his petition.

The judgment should have been for the defendant. Plaintiff being a minor at the time the wages were earned, they belonged to his mother, his father being dead. There is nothing in the case to show that she had parted with her right to the services or earnings of her child, prior to or at the time the wages were earned. *Mathews v. Railroad*, 26 Mo. App. 83, and cases cited; *Mauerman v. Railroad*, 41 Mo. App. 348. The contention that plaintiff's wages were used in supporting his mother does not militate against the point; indeed, that is but a recognition of her right.

We do not see that the seventh division of section 2113, Revised Statutes, 1889, has any application to this case.

The judgment will be reversed.